UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Pablo Martinez Ron,<br><br>　　　　*Petitioner*,<br><br>　v.<br><br>Todd M. Lyons et al.,<br><br>　　　　*Respondents*. | No. 25-cv-17359 (MEF)<br><br>ORDER |

\*　　\*　　\*

The Petitioner is being detained in the custody of federal immigration officials in Buffalo, New York. See Letter from the United States Attorney's Office (ECF 8) at 1. This Court retains jurisdiction over the habeas petition because it was filed while the Petitioner was physically located in New Jersey. See Khalil v. Joyce, 777 F. Supp. 3d 369, 393 (D.N.J. 2025).

The Respondents do not meaningfully contest the allegation that the Petitioner is being detained under 8 U.S.C. § 1225(b)(2)(A).

But as a matter of plain-text reading, it is § 1226(a) that applies to people situated like Petitioner, not § 1225(b)(2)(A). See, e.g., Castillo v. Lyons, 2025 WL 2940990, at \*1 n.1 (D.N.J. Oct. 10, 2025).

Accordingly, Petitioner's current detention under § 1225(b)(2)(A) amounts to detention in violation of the laws of the United States, and he is entitled to habeas relief.

At a minimum, the Petitioner is entitled to be treated by the Respondents as if detained under § 1226(a), which means he is eligible for a bail hearing. If the Petitioner is not granted a bail hearing by today at 4:30pm, the Respondents shall promptly file a letter explaining why. And the Respondents must file an answer before noon --- because they have not, at least for now, declined to waive their right to answer. See ECF 6.

IT IS on this 13th day of November, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.