UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOSÉ R. ALMONTE**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING BUILDING
& U.S. COURTHOUSE
50 WALNUT STREET
NEWARK, NJ 07102
973-645-3110

December 19, 2025

**LETTER ORDER**

Re:   *Martinez Ron. v. Lyons, et al.,*
      Civil Action No. 25-cv-17359-MEF-JRA

Dear Counsel:

Before the Court is a discovery dispute raised by the parties in letters dated December 15, 2025, and December 16, 2025 (Dkt. Nos. 25 and 26). The narrow issue before the Court is whether discovery is warranted in this writ of habeas corpus action following the Court's prior order granting a bond hearing to the Petitioner, Pablo Martinez Ron. For the reasons stated below, Petitioner's request to conduct discovery is **DENIED.**

**BACKGROUND AND PROCEDURAL HISTORY**[1]

On November 11, 2025, Petitioner initiated this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus ("Petition") challenging his detention by immigration authorities and seeking immediate release. *See generally* Dkt. No. 1. On November 13, 2025, the Hon. Michael E. Farbiarz, U.S.D.J., granted relief on the Petition and ordered a bond hearing for Petitioner. Dkt. No. 10. Petitioner attended a bond hearing on November 21, 2025, where Immigration Judge Brian Counihan in Batavia, New York, denied bond based on flight risk. Dkt. No. 14–15. Petitioner reserved appeal on the bond determination before the Board of Immigration Appeals ("BIA"), which is due on December 22, 2025. *See* Dkt. No. 15 at 4. After the hearing, Petitioner filed an Amended Petition seeking the same relief sought in his original Petition, but on the additional basis that the November 21, 2025 bond hearing was a "farce that failed to provide a meaningful hearing as required by Due Process." Dkt. No. 19 at 2. Alternatively, Petitioner seeks a renewed hearing that is constitutionally sound, and where the burden to prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community is shifted to the Government. *Id* at 25. In pursuit of this relief, Petitioner also requests discovery and seeks the

---

[1] Much of this background and procedural history is derived from Respondents' letter dated December 16, 2025, but the Court also assumes the parties' familiarity with the factual and procedural background of this matter. Therefore, the Court includes only the factual and procedural history necessary to decide the current dispute.

following items:

1. All of Immigration Judge Counihan's bond determinations since appointment (about 3 years).

2. All of the Batavia Immigration Court's bond determinations for 2025.

3. All bond determinations nationwide since another matter which the Petition refers to as the "Matter of Hurtado" was decided.

4. The Memorandum of Agreement and communications relating to the joint agreement between the Department of Justice ("DOJ") and the Department of Homeland Security to create the policy that anyone who entered without inspection is subject to mandatory detention.

5. All internal DOJ and Executive Office for Immigration Review directives, emails, policies, guidelines, instructions, memos, and/or other communications to immigration judges in 2025 relating to bond hearings and custody determinations in removal proceedings.

6. The list of fired immigration judges and the reasons they were fired.

7. Approval/denial rates for all the fired immigration judges.

8. Training materials, job descriptions, all directives, guidelines, conditions of employment, internal communications such as emails and memos, particularly any relating to quotas, performance objectives, requirements for case processing/decisions, and any other material relating to bond decisions provided to the newly hired judges.

Dkt Nos. 19-1 and 21.

Petitioner seeks this discovery to support his position stated in his Amended Petition that "the immigration court as a whole, and this immigration judge specifically, cannot, and will not, provide a Due Process compliant hearing." Dkt. No. 19-1 at 2. Respondents oppose the request for discovery. Dkt. Not 22 at 2–3. After being assigned to this case for the purposes of resolving the discovery dispute, I ordered Petitioner to file a letter that sets forth the legal standard for issuing discovery in the context of this case and to explain why the discovery he seeks satisfies that standard. Dkt. No. 24. Petitioner filed his letter on December 15, 2025, and Respondents filed their response letter on December 16, 2025. Dkt Nos. 25–26.

## DISCUSSION

Petitioner is seeking discovery to establish a government-wide pattern of unlawful actions as it pertains to immigration proceedings. *See* Dkt. No. 25.

Respondents oppose discovery on the basis that this Court lacks jurisdiction "to review Petitioner's challenges to the denial of bond by the immigration judge . . . ." Dkt. No. 26 at 1 (quoting *Magassouba v. Holder*, No. 10–5989 FSH, 2011 WL 3859735, at *2 (D.N.J. Aug. 31, 2011)). Whether the Court has jurisdiction to decide the petition is a dispositive issue under the purview of the District Judge, and I decline to engage in that analysis in the context of a discovery dispute.

Even if Petitioner overcomes the jurisdictional hurdle, the broad breadth of the requested discovery compels the Court to deny Petitioner's request. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

> Rule 6(a) of the Rules Governing Section 2254 Cases in United States District Courts, which applies to petitions under 28 U.S.C. [Section] 2241 pursuant to Rule 1(b), provides that, [a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. Habeas Rule 6(b) requires the party requesting discovery to provide reasons for the request.

*Dorsey v. Ortiz*, No. 20-3535 (RMB), 2021 WL 1171894, at *6 (D.N.J. Mar. 29, 2021) (citation modified). Under this "good cause" standard, leave to conduct discovery in habeas proceedings should be granted only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief." *Thompson v. Lappin*, No. 07–2694 (JAP), 2008 WL 2559303, at *2 (D.N.J. June 24, 2008) (citation modified). "The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011).

Petitioner makes various broad requests for discovery to prove that "the immigration court as a whole, and this immigration judge specifically, cannot, and will not, provide a Due Process compliant hearing." Dkt. No. 19-1 at 2. In his Amended Petition, Petitioner makes allegations that the Immigration Judge improperly shifted the burden to Petitioner to prove by clear and convincing evidence he is not a flight risk or danger to others, and that the Immigration Judge failed to properly consider Petitioner's evidentiary submissions or satisfactorily explain his rationale. *See generally* Dkt. No. 19. Taken together, these allegations amount to challenges to the Immigration Judge's legal reasoning and treatment of the evidence, matters that are quintessentially appellate in nature. That raises the question: what discovery does Petitioner need? Petitioner does not sufficiently establish how his requested discovery is pertinent to establish the allegations in his Amended Petition. Petitioner is seeking broad discovery on a nationwide scale to establish a pervasive pattern among all immigration courts. Such a request amounts to a fishing expedition not permitted by Habeas Rule 6. *See Williams*, 637 F.3d at 210–11.

Rather, the issues raised in the Amended Petition "are capable of resolution on the administrative record . . . , which eliminates the need for discovery by petitioner." *Kotey v. Gonzalez*, No. CIV. 07-1136(JLL), 2007 WL 951436, at *2 (D.N.J. Mar. 27, 2007). Petitioner has an avenue of relief through an appeal with the BIA, and it is presumed that Petitioner, who reserved his right to appeal and already requested a recording of the November 21, 2025 bond hearing, *see* Dkt No. 15 at 4; Dkt Not. 19-1 at 2, is in possession of the administrative record that is most pertinent to the issues in his Amended Petition. However, to the extent such record has not been produced, Petitioner may raise a particularized discovery request for the administrative record. Therefore, the Court does not find good cause to warrant discovery beyond the administrative record and, as a result, Petitioner's request is **DENIED**.

## ORDER

Accordingly, for the foregoing reasons,

**IT IS** on this **19th** day of **December 2025**, **ORDERED** that Petitioner's request to conduct discovery in this habeas action is **DENIED**.

/s/ José Almonte

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Orig:  Clerk of the Court
cc:    Counsel of Record
       The Honorable Michael E. Farbiarz, U.S.D.J.